# DEFENDANT'S EXHIBIT "A"
# TO ITS NOTICE OF REMOVAL

 **CT Corporation**

**Service of Process Transmittal**
03/18/2014
CT Log Number 524594852

**TO:** Tracey Wild, Vice President
NCO Financial Systems, Inc.
150 Crosspoint Parkway, Crosspoint Business Park
Getzville, NY 14068-

**RE:** **Process Served in Missouri**

**FOR:** NCO Financial Systems, Inc. (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Vernette Daniels, Pltf. vs. NCO Financial Systems, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Petition |
| **COURT/AGENCY:** | 22nd Judicial Circuit Court of City of St Louis, MO<br>Case # 1422AC03547 |
| **NATURE OF ACTION:** | Violation of Fair Debt Collections Practices Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Clayton, MO |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/18/2014 at 11:12 |
| **JURISDICTION SERVED:** | Missouri |
| **APPEARANCE OR ANSWER DUE:** | April 16, 2014 at 09:30 a.m. |
| **ATTORNEY(S) / SENDER(S):** | Christopher Kennedy Bader<br>1 North Taylor Avenue<br>St. Louis, MO 63108<br>314-932-1068 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/18/2014, Expected Purge Date: 03/23/2014<br>Image SOP<br>Email Notification, Tracey Wild Tracey.Wild@ncogroup.com<br>Email Notification, Michelle Lyon MLYON@SESSIONS-LAW.biz<br>Email Notification, Erik Podbutzky erik.podbutzky@ncogroup.com<br>Email Notification, Shannon O'Connell shannon.oconnell@ncogroup.com<br>Email Notification, Dana Alexander dana.alexander@ncogroup.com<br>Email Notification, Jessica Coleman jcoleman@sessions-law.biz<br>Email Notification, Marlene Mascari mmascari@sessions-law.biz<br>Email Notification, Michael Donnelly mdonnelly@sessions-law.biz<br>Email Notification, April Herrera aherrera@sessions-law.biz<br>Email Notification, Lisa Lesane lisa.lesane@ncogroup.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Meghan Saffell |
| **ADDRESS:** | 120 South Central Avenue<br>Suite 400<br>Clayton, MO 63105 |
| **TELEPHONE:** | 314-863-5545 |

Page 1 of 1 / KB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BARBARA PEEBLES | Case Number: 1422-AC03547 |
|---|---|
| Plaintiff/Petitioner:<br>VERNETTE DANIELS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>CHRISTOPHER KENNEDY BADER<br>1 NORTH TAYLOR AVENUE<br>ST. LOUIS, MO 63108 |
| Defendant/Respondent:<br>NCO FINANCIAL SYSTEMS, INC. | Date, Time and Location of Court Appearance:<br>16-APR-2014, 09:30 AM |
| Nature of Suit:<br>AC Other Tort | Division 27<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |

(Date File Stamp)

## Associate Division Summons

The State of Missouri to: NCO FINANCIAL SYSTEMS, INC.
Alias:
THE CORPORATION COMPANY
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

SPECIAL PROCESS SERVER

*COURT SEAL OF CITY OF ST LOUIS*

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

March 17, 2014
Date

M. Jane Schweitzer
Circuit Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Service must not be made less than ten days nor more than thirty days from the date the Defendant/Respondent is to appear in court.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other_____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____
                         Date                          Notary Public

**Sheriff's Fees, if applicable**
Summons     $_____
Non Est     $_____
Mileage     $_____ (_____miles @ $._____ per mile)
Total       $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM20 (ADSM) For Court Use Only: Document ID# 14-ADSM-2458    1 of 1    517.041 RSMo

**1422-AC03547**

Electronically Filed - City of St. Louis - March 17, 2014 - 09:27 AM

IN THE CIRCUIT COURT
CITY OF ST. LOUIS
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| **VERNETTE DANIELS** | )<br>) Case No.<br>) |
| Plaintiff, | )<br>) |
| | ) Division |
| v. | )<br>) |
| **NCO FINANCIAL SYSTEMS, INC.** | )<br>) |
| | ) |
| Serve at:<br>The Corporation Company<br>120 South Central Avenue<br>Clayton, Missouri 63105 | )<br>)<br>)<br>) |
| | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW, Plaintiff, Vernette Daniels, and for her Petition state as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. This is an action for actual and punitive damages brought by an individual consumer for abuse of process and conversion.

3. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

4. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d), as Defendant's collection activity was directed at Plaintiff in St. Louis, Missouri. Venue is also proper in St. Louis, Missouri for this reason.

1

## PARTIES

5. Plaintiff is a natural person currently residing in St. Louis, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

6. The alleged debt arises out of consumer, family, and household transactions, specifically, student loans.

7. Defendant is a foreign corporation with its principal place of business in Horsham, Pennsylvania.

8. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempt to collect debts alleged to be due another.

9. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

10. Defendant's collection activity of which Plaintiff complains occurred in the previous twelve months.

11. In approximately 2007, Plaintiff obtained a state-funded student loan to pay for one semester's worth of tuition and living expenses at the University of Arkansas in Pine Bluff.

12. Plaintiff left the University of Arkansas in Pine Bluff after one semester of study.

13. Plaintiff defaulted on the student loan she obtained through the Student Loan Guarantee Foundation of Arkansas ("SLGFA").

14. After leaving the University of Arkansas at Pine Bluff, Plaintiff completed her education at Sanford Brown College in St. Louis, Missouri.

15. Plaintiff obtained a number of other federally funded student loans for study at Sanford Brown College.

2

Electronically Filed - City of St. Louis - March 17, 2014 - 09:27 AM

16.   Plaintiff has not defaulted on any of the federal loans. All of her federal loans are in forbearance.

17.   Plaintiff has not obtained any other student loans other than the SLGFA loan and the federal loans for Sanford Brown College.

18.   Specifically, Plaintiff has never obtained a loan through the Missouri Department of Higher Education—a fact that Plaintiff verified in person with the DHE in March of 2014.

19.   Defendant began to garnish Plaintiff's wages in approximately November 2012 to satisfy her SLGFA debt.

20.   The balance of that debt was, to the best of Plaintiff's recollection, approximately $6,000.

21.   The SLGFA debt was fully repaid in approximately mid-2013.

22.   Soon after the SLGFA garnishment ended, Defendant sent Plaintiff a letter stating that it had over-garnished her in the amount of $48.00 and would soon issue a refund check to her.

23.   Defendant never sent the promised refund.

24.   In approximately November 2013, Defendant started to garnish Plaintiff again, notwithstanding the fact that Defendant had already taken more money from Plaintiff than Plaintiff owed.

25.   Defendant's garnishment records claimed that Plaintiff owed a student-loan debt to the Missouri Department of Higher Education ("MODHE") in an amount nearly identical to the SLGFA debt.

26.   As set forth above, Plaintiff never obtained any loan through the MODHE.

3

27. Nevertheless, Defendant garnished Plaintiff repeatedly on the nonexistent MODHE debt.

28. To the best of Plaintiff's understanding, Defendant garnished Plaintiff on MODHE debt in the approximate amount of $621.92 as of the pay period ending February 15, 2014.

29. Defendant knows that it is over-garnishing Plaintiff and because it sent correspondence to her informing her that it owed her a refund for the funds garnished.

30. Defendant has never provided any refund for the over-garnishment to Plaintiff.

31. Plaintiff, concerned about Defendant's garnishment on the nonexistent MODHE debt, called Defendant in March 2014.

32. During the call, Defendant admitted that it had over-garnished on the SLGFA debt and she had a negative balance with Defendant for that debt.

33. Defendant stated that it owed Plaintiff over $300 in over-garnished funds.

34. Incredibly, Defendant also stated that it could not release the garnishment for the MODHE debt because it "did not have the account."

35. Instead, Defendant merely gave Plaintiff another phone number to call to determine which entity was collecting the MODHE debt.

36. However, the garnishment records provided to Plaintiff by her employer unmistakably indicate that Defendant is the entity garnishing Plaintiff on the MODHE debt.

37. Defendant continues to over-garnish Plaintiff on the nonexistent MODHE debt as of the date of filing this Petition.

38. Plaintiff never entered into any agreement whereby she consented to arbitrate disputes with Defendant.

Electronically Filed - City of St. Louis - March 17, 2014 - 09:27 AM

39. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to all funds garnished in excess of the amount required to repay her SLGFA loan, and emotional damages including but not limited to anxiety, frustration, and worry.

## COUNT I: ABUSE OF PROCESS

40. Plaintiff incorporates all prior paragraphs as if expressly stated herein.

41. Defendant made an illegal, improper, and perverted use of garnishment process by garnishing Plaintiff's wages after the debt was fully repaid and with the knowledge that the debt was fully repaid.

42. In addition, or in the alternative, Defendant made an illegal, improper, and perverted use of garnishment process by garnishing Plaintiff's wages on a nonexistent debt.

43. Garnishment process neither warrants nor authorizes Defendant's unlawful garnishment.

44. Defendant had an improper purpose in exercising its illegal use of garnishment process, namely, to steal Plaintiff's money.

45. Defendant's abuse of process has caused Plaintiff damage, including but not limited to the monetary loss described above and emotional distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A.    Actual damages;

    B.    Punitive damages in the largest amount allowable by law; and

    C.    For such other relief as the Court may deem just and proper.

## COUNT II: CONVERSION

46. Plaintiff incorporates all prior paragraphs as if fully stated herein.

47. Defendant converted an identifiable fund—a portion of Plaintiff's wages garnished for the nonexistent MODHE debt—in Defendant's possession for a specific purpose, namely stealing money that Defendant knew Plaintiff did not owe.

48. Defendant retained approximately $620 of the funds it over-garnished on the MODHE debt.

49. Plaintiff had the sole exclusive interest in that fund.

50. Defendant had no right to knowingly over-garnish Plaintiff's wages.

51. Plaintiff gave Defendant an opportunity to rectify the situation and requested a refund in March of 2014.

52. Defendant willfully and maliciously refused to refund Plaintiff's money.

53. Defendant's conversion has caused Plaintiff to suffer actual damage, including monetary loss in the amount of funds taken and emotional damages as a result of the stress and frustration of dealing with Defendant.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Actual damages;

B. Punitive damages in the largest amount allowed by law; and

C. For such other relief as the Court may deem just and proper.

### COUNT III: VIOLATION OF THE FDCPA

54. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

55. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

6

Electronically Filed - City of St. Louis - March 17, 2014 - 09:27 AM

a. Attempting to collect an amount not authorized by law or the original agreement between Plaintiff and her original creditor, 15 U.S.C. § 1692f;

b. Creating a false representation of the character, amount, or legal status of Plaintiff's debt, 15 U.S.C. § 1692e;

c. Employing unfair, harassing, and misleading means to collect a debt, 15 U.S.C. § 1692d-f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D. For such other relief as the Court may deem just and proper.

**VOYTAS & COMPANY**

/s/ Richard A. Voytas, Jr.

**RICHARD A. VOYTAS, JR., #52046**
**1 North Taylor Ave.**
**St. Louis, Missouri 63108**
**Phone: (314) 932-1068**
**rickvoytas@gmail.com**

7